FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROMAN S. DE'LA CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>AIMEE MAURER, individual capacity, PATRICK JOHNSON, individual capacity, JEFFREY SMITH, individual capacity, JENNY ZAPPONE, individual capacity, PATTY CONNOLLY WALKER, individual capacity, JENNIFER FASSBENDER, individual capacity, ANDREW BIVIANO, individual capacity, and RICHARD LELAND, individual capacity,<br><br>    Defendants. | No. 2:23-CV-00252-SAB<br><br>**ORDER DISMISSING ACTION**<br><br>**28 U.S.C. § 1915(e)** |

Before the Court are *pro se* Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 5, and Motion Under 28 U.S.C. § 1915 for the Court to Serve Process on Defendants, ECF No. 6. Plaintiff represents himself *pro se*. Having considered the complaint, the motions, and relevant caselaw, the Court denies both motions as moot. Additionally, Plaintiff's Complaint, ECF No. 1, is **DISMISSED**

**ORDER DISMISSING ACTION** # 1

with prejudice because the Complaint is frivolous, fails to state a claim upon which relief may be granted, and seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

Pursuant to 28 U.S.C. § 1915(e), the Court must dismiss a Complaint prior to service if it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Here, Plaintiff is alleging that state court judges violated federal law under Article 6, Section 2 of the United States Constitution and Federal Racketeering and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961–68, for "taking illegal money from [Spokane] county." He alleges a 2018 judgment against him in Spokane County should be overturned because the judge in the case was biased in favor of the County, which has caused him emotional distress and reputation damage.

### RICO Claim

A RICO claim requires plaintiff prove at a minimum that defendant engaged in a "pattern of racketeering activity or collection of unlawful debt." *See* 18 U.S.C. § 1962; *Chisum v. Vasquez*, No. CIV. 02-0799, 2003 WL 1950234, at *3 (D.D.C. Mar. 21, 2003).

Plaintiff's Complaint alleges conduct that, on its face, appears lawful. He alleges it is illegal for Spokane County judges' salaries to be paid by Spokane County, Compl. at 7, but Washington State law regulates and allows for such disbursements. *See* WASH. CONST. art. 28 § 1; RCW 3.58.010. Further, Plaintiff alleges the judges of Spokane County have a "constitutional conflict of interest because money collected from fines, fees, and the bail bond process imposed on defendants goes to subsidize their court operations." Compl. at 6. Plaintiff does not explain what law or right this violates other than his Due Process rights. He also fails to show how the individually named judges violated any law in these

**ORDER DISMISSING ACTION** # 2

allegations. Finally, he does not point to the sources he used in gathering the evidence for his allegations.

By hearing cases involving Spokane County as a party, the Defendants have not acted in such a way as to show any impropriety in their actions or a conspiracy to participate in a racketeering operation. Plaintiff has failed to state a claim on a RICO allegation for which he can recover.

### Section 1983

Section 1983 requires a claimant prove that (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [Plaintiff] complains." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991).

Plaintiff alleges his Fourteenth Amendment Due Process rights were violated by the Defendants alleged racketeering actions. As explained above, his allegations fail to state a claim upon which relief can be granted.

### Absolute Immunity

It is well settled that judges are generally immune from civil liability under Section 1983. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (citing long line of cases acknowledging that "generally, a judge is immune from a suit for money damages"). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id*. at 10 (citation omitted). Only two circumstances can overcome

**ORDER DISMISSING ACTION # 3**

judicial immunity: (1) for actions not taken in the judge's judicial capacity; and (2) for actions, though judicial, taken absent any jurisdiction. *Id.* at 11–12.

Here, Plaintiff has not alleged any facts that would eliminate judicial immunity for the named-Defendants. As such, the Complaint must be dismissed pursuant to § 1915(e).

**Opportunity to Amend or Voluntarily Dismiss Complaint**

Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Here, since Plaintiff is suing state court judges who are afforded judicial immunity, any amendment to his Complaint would be futile. As such, Plaintiff will not be permitted to file an Amended Complaint.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 5, is **DENIED** as moot.

2. Plaintiff's Motion for the Court to Serve Process on Defendants, ECF No. 6, is **DENIED** as moot.

3. The complaint, ECF No. 1, is **DISMISSED with prejudice**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order, provide a copy to *pro se* Plaintiff and **close** the file.

**DATED** this 21st day of September 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING ACTION # 4**